# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

TRUSTEES OF THE IRON WORKERS'
LOCAL NO. 25 PENSION FUND;
IRON WORKERS' HEALTH FUND OF EASTERN
MICHIGAN; IRON WORKERS LOCAL NO. 25
VACATION PAY FUND; IRON WORKERS
DEFINED CONTRIBUTION PENSION FUND;
and IRON WORKERS' APPRENTICESHIP
FUND OF EASTERN MICHIGAN,
Trust Funds Established and Administered
Pursuant to Federal Law,

       Plaintiffs,

v.

PREMIUM DOOR & MORE, LLC,
a Michigan limited liability company, and
ROBERT H. SPARKS, Individually,

       Defendants.

Case No. 15-cv-
Hon.

_____/

**DAVID J. SELWOCKI  P51375**
**MATTHEW I. HENZI  P57334**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
25800 Northwester Hwy., Ste. 1000
Southfield MI  48075
248-746-0700
brogers@swappc.com
_____/

## COMPLAINT

**NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint

against Defendants, PREMIUM DOOR & MORE, LLC and ROBERT H. SPARKS, Individually, state as follows:

1. Plaintiffs are the Trustees of the IRON WORKERS' LOCAL NO. 25 PENSION FUND, IRON WORKERS' HEALTH FUND OF EASTERN MICHIGAN, IRON WORKERS LOCAL NO. 25 VACATION PAY FUND, IRON WORKERS DEFINED CONTRIBUTION PENSION FUND and IRON WORKERS' APPRENTICESHIP FUND OF EASTERN MICHIGAN (hereinafter referred to as "FUNDS"). The Funds are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with administrative offices in the City of Novi, Oakland County, Michigan.

2. Defendant PREMIUM DOOR & MORE, LLC is a Michigan limited liability company with its principal offices in the State of Michigan (hereinafter "PREMIUM DOOR").

3. Defendant ROBERT H. SPARKS (hereinafter "SPARKS") is an individual who is the principal owner and officer of PREMIUM DOOR. SPARKS is responsible for running the day-to-day operations of PREMIUM DOOR and responsible for all its decisions pertaining to the payment of contributions to the FUNDS, including decisions whether to pay contributions.

4. SPARKS is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). STOL is an employer within the meaning of §3(5) of ERISA, 29 USC §1002(5) and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

5. The Plaintiffs administer the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local Union No. 25, International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

6. At all times relevant hereto, Defendant PREMIUM DOOR was signatory to a Collective Bargaining Agreement with the Union.

7. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

8. Pursuant to the terms and provisions of the Collective Bargaining Agreement between PREMIUM DOOR and the Union, PREMIUM DOOR agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by PREMIUM DOOR, and covered by the Agreement.

9. That pursuant to the provisions of the Collective Bargaining Agreement and the Trust and Plan documents of the FUNDS, contributions become vested plan assets on the date in which they are due.

10. That pursuant to the Collective Bargaining Agreements, Defendant PREMIUM DOOR is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 26th day of the month following the month in which the hours were worked.

11. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages, costs of collection and attorney fees.

12. That, pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy

the payroll records and necessary books and records of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

13. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

14. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

**COUNT I – Breach of Collective Bargaining Agreement and 29 USC §1145**

15. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 14 above as though fully set forth herein.

16. That notwithstanding its contractual obligations, PREMIUM DOOR has failed and refused to pay its obligations, therefore violating the Collective Bargaining Agreements and various provisions of ERISA, including but not limited to 29 USC §1145.

17. Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to

be performed under the Collective Bargaining Agreements and are restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

- A. Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreements as set forth above;

- B. Enter an Order that Defendant PREMIUM DOOR & MORE, LLC open its books and records for a complete payroll audit;

- C. Enter a Judgment in favor of Plaintiffs against Defendants, PREMIUM DOOR & MORE, LLC and ROBERT H. SPARKS, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

- D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

- E. Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT II – Breach of Fiduciary Duties of Robert H. Sparks

18. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 17 above as though fully set forth herein.

19. SPARKS is a fiduciary with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that he exercised

discretionary authority or control respecting management or disposition of the assets of the plans.

20. By engaging in the acts and omissions described, SPARKS has breached hIS fiduciary duties regarding the FUNDS within the meaning of 29 USC § 1104(a)(1)(A).

21. SPARKS is personally liable based on breaching his fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

- A. Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreements as set forth above;

- B. Enter an Order that Defendant PREMIUM DOOR & MORE, LLC open its books and records for a complete payroll audit;

- C. Enter a Judgment in favor of Plaintiffs against Defendants, PREMIUM DOOR & MORE, LLC and ROBERT H. SPARKS, Individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

- D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.  Any such other, further, or different relief as may be just and equitable under the circumstances.

                Respectfully submitted,

                **SULLIVAN, WARD,**
                **ASHER & PATTON, P.C.**

By:  s/David J. Selwocki
     David J. Selwocki (P51375)
     Attorney for Plaintiffs
     1000 Maccabees Center
     25800 Northwestern Highway
     Southfield, MI  48075-8412
     248-746-0700
     E-Filing:  brogers@swappc.com

Dated:   August 13, 2015

W1670518/A35-052347